**PELTON & ASSOCIATES PC**
Brent E. Pelton
Taylor B. Graham
Alison G. Lobban
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARCO ANTONIO FLORES and AKEAM DUKES, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**FIVE STAR CARTING, LLC, FIVE STAR CARTING, INC., WORKFORCE CLEANING SERVICES, LLC, ANTHONY TRISTANI and NINO TRISTANI, Jointly and Severally,**<br><br>**Defendants.** | **14 Civ. 2970 (PKC) (RML)**<br><br>**AMENDED CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF THE ACTION

1.      Plaintiff Marco Antonio Flores ("Flores") is a former demolition and labor employee for Defendants' demolition and waste removal business.  Plaintiff Akeam Dukes ("Dukes" and, together with Flores "Plaintiffs") is a former helper for Defendants' demolition and waste removal business.

2.      Plaintiffs bring this action to recover: unpaid overtime premium wages owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*, and supporting regulations; unpaid prevailing

1

wages owed to them as third-party beneficiaries of contracts entered into between Defendants and public entities; and Defendants' failure to provide wage notices and proper wage statements pursuant to Article 6 of the NYLL §§ 190 *et seq*. and the supporting regulations. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated demolition and labor employees ("laborers"), foremen and helpers of Defendants, and their NYLL and common law claims on behalf of themselves and a Federal Rule of Civil Procedure ("FRCP") 23 class of all similarly situated laborers, foremen and helpers of Defendants in New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

5.      Flores was, at all relevant times, an adult individual residing in Brooklyn, New York.

6.      Throughout the relevant time period, Flores performed work for Defendants on both private and public projects ("Public Works Projects") throughout the New York City area.

7.      Dukes was, at all times, an adult individual residing in Long Island City, New York.

8.     Throughout the relevant time period, Dukes performed work for Defendants throughout the New York City area.

9.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their written consent forms are attached hereto and incorporated by reference.

**Defendants:**

10.     Upon information and belief, Defendant Five Star Carting, LLC is an active New York corporation headquartered at 58-34 47th Street, Maspeth, NY 11378.

11.     Upon information and belief, Defendant Five Star Carting, Inc. is an active New York corporation headquartered at 58-34 47th Street, Maspeth, NY 11378.

12.     Upon information and belief, Defendant Workforce Cleaning Services, LLC is an active New York corporation headquartererd at 105-115 Thames Street, Brooklyn, NY 11237.

13.     The Corporate Defendants listed in paragraphs 12 through 14 operated together as a single integrated business enterprise (hereinafter "Five Star Carting" or the "Corporate Defendants").

14.     Upon information and belief, Defendants Anthony Tristani ("A. Tristani") and Nino Tristani ("N. Tristani" and collectively with A. Tristani, the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants") are officers, directors and/or managing agents of Five Star Carting, whose addresses are unknown at this time and who participated in the day-to-day operations of Five Star Carting and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL §§ 2 and 651 and the regulations promulgated thereunder, and are jointly and severally liable with the Corporate Defendants

15.     Upon information and belief, throughout the relevant time period, the Individual

Defendants were in charge of hiring and firing employees, setting schedules and wage rates, determining the Corporate Defendants' policies with respect to payroll and otherwise running the business of Five Star Carting.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

16.     Pursuant to 29 U.S.C. §§ 206, 207 and 216(b), Plaintiffs brings their First Cause of Action as a collective action under the FLSA on behalf of themselves and all other laborers, foremen and helpers (the "Collective Action Members") who are or were employed by the Defendants since May 9, 2011 and through the entry of judgment in this case (the "Collective Action Period").

17.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to the Defendants' illegal policy of failing to pay wages for all hours worked and failing to pay overtime premiums for work performed over forty (40) hours each week.  As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally required wage for all hours worked or overtime premium payments for hours worked in excess of forty (40) per week.

18.     Plaintiffs and Defendants' other laborers, foreman and helpers had substantially similar job duties and compensation structure.

## **RULE 23 CLASS ALLEGATIONS**

19.     Pursuant to the NYLL and the common law, Plaintiffs brings their Second through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other laborers, foremen and helpers who are or were employed by Defendants within New York (the "Class Members" or the "Class") at any time since May 9, 2008 and through the entry of judgment in this case (the "Class Period").

20.     The Class Members are so numerous that joinder of all members is impracticable.

21.     Although the precise number of Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

22.     Upon information and belief, there are well in excess of forty (40) Class Members.

23.     There are questions of law and fact common to the claims of Plaintiffs and the claims of the Class, including whether Defendants had a corporate policy of: failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; failing to pay prevailing wage for worked performed pursuant to public works contracts; failing to provide wage notices at the time of hire and on February 1 of each year; and failing to provide proper wage statements.

24.     Plaintiffs' claims are typical of the Class Member's claims, and Plaintiffs will fairly and adequately represent the Class.  There are no conflicts between Plaintiffs and the Class Members and Plaintiffs' counsel are experienced in handling class litigation.

25.     The Second through Seventh Causes of Action are properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

a.  whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members for all hours worked or overtime premium pay for hours worked in excess of forty (40)

hours per workweek;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members prevailing wages for work performed pursuant to public works contracts;

e. whether Defendants failed to provide wage notices at the time of hire and/or on February 1 of each year to Plaintiffs and the Class Members;

f. whether Defendants failed to provide proper wage statements to the Plaintiffs and the Class Members; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

26. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## **STATEMENT OF FACTS**

Defendants' Business

27. At all relevant times, Defendants have been in the carting and demolition business. Defendants currently own, operate and manage Five Star Carting as a demolition and

waste removal company headquartered at 58-34 47th Street, Maspeth, NY 11378.

28.     At all relevant times, Five Star Carting has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

30.     At all relevant times, Plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

31.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

32.     According to Five Star Carting's website at http://www.fivestarcarting.com/about.html, "Five Star Carting is one of the fastest growing carting and recycling companies in the five boroughs of New York.  Along with our subsidiary, Rapid Processing, LLC, Five Star has been serving the waste management industry since 1971." The website also states that Five Star Carting operates in both Queens and Brooklyn and has a fleet of over thirty (30) trucks, maintenance and service vehicles and employs a staff of one hundred and fifty (150) talented workers.

33.     Defendants' website also provides that "Five Star has successfully completed over ten million square feet of demolition since our inception. As a preferred demolition contractor for many of the top general contracting and commercial property firms in New York, you can rest assure of our expertise and professionalism on any size project." (*See* http://www.fivestarcarting.com/ demolition.html.)

34.     Upon information and belief, Workforce Cleaning Services, LLC was created by Defendants as an entity through which Defendants paid its laborers, foremen, helpers and other hourly employees.

35.     Upon information and belief, Workforce Cleaning Services, LLC, which Defendants classified as a "cleaning company" rather than a demolition company, was created solely for the  purpose of paying a lower Workers' Compensation Insurance Premium, despite the fact that its employees performed the same demolition work as the employees being paid directly by Five Star Carting.  Upon information and belief, Defendants employ their workers interchangeably among Workforce Cleaning Services, LLC and the other Corporate Defendants.

36.     Upon information and belief, Defendants pay their employees in the same manner regardless of which of the Five Star Carting companies they receive payment from.

37.     Defendants' operations are interrelated and unified.

38.     The Individual Defendants were frequently present at Five Star Carting to oversee Five Star Carting's operations and to ensure that the company was operating in accordance with their policies and practices, including those complained of herein.  Upon information and belief, the Individual Defendants together would operate and manage all aspects of the business, including their employment practices and pay policies.

39.     Upon information and belief, the Individual Defendants handled the Corporate Defendants' payroll and recordkeeping from Defendants' office and have been actively involved with the Defendants' day-to-day operations throughout the relevant time period.

40.     Upon information and belief, Defendant A. Tristani is an owner of the Corporate Defendants.  According to Defendants' filings with the New York Department of State Division of Corporations, Defendant A. Tristani is the Chief Executive Officer of Five Star Carting, Inc.

41.     Upon information and belief, Defendant A. Tristani maintained an office at Five Star Carting and would visit the demolition sites himself or send an agent to visit the sites on his behalf on a regular basis in order to supervise the work of all Defendants' employees, including Plaintiffs.

42.     Upon information and belief, Defendant N. Tristani is an owner of the Corporate Defendants.  Upon information and belief, Defendant N. Tristani maintains an office at Five Star Carting and is active with the day-to-day management of the company.

43.     Upon information and belief, Defendants employ at least forty (40) employees at any one time.  Plaintiffs and a large number of Defendants' other employees have not received: (i) wages for all hours worked; (ii) overtime pay as required by the FLSA and the NYLL; (iii) prevailing wage rate of pay for work performed on public works projects; (iv) wage statements as required by the NYLL; and (v) wage notices as required by the NYLL.

<u>Plaintiffs' Work for Defendants</u>

44.     Plaintiff Flores worked for Defendants from in or around June or July 2010 until on or about October 25, 2013 (the "Flores Employment Period") as a laborer performing demolition.

45.     Throughout the Flores Employment Period, Flores' job responsibilities included demolition of offices, floors, or entire buildings and included removing fixtures, walls, ceilings and floors.  Flores reported to "Victor", the foreman supervisor.  For the first approximately eight (8) months of the Flores Employment Period, Flores would also work one (1) to three (3) nights per week as a helper, packing and emptying garbage trucks.

46.     From the beginning of the Flores Employment Period through approximately December 2010, Flores typically worked six (6) days per week from approximately 8:00 am until

approximately 5:00 pm, for a total of approximately fifty-three (53) hours per week. From approximately December 2010 through the end of the Flores Employment Period, Flores frequently worked six (6) days per week from approximately 8:00 am until between approximately 11:00 pm and 12:00 am, for a total of between approximately ninety and ninety-six (90-96) hours per week. From the beginning of his employment period through in or around 2012, despite the fact that he typically worked more than forty (40) hours in a given week, Flores never received overtime premiums for hours worked beyond forty (40) per week.

47.     Throughout the Flores Employment period, Flores earned an hourly rate of between ten and fifteen dollars ($10.00 - $15.00) per hour.

48.     From the beginning of the Flores Employment Period through in or around 2012, Flores was paid by cash. From in or around 2012 throughout the end of the Flores Employment Period, Flores was paid by check under the name "Marco Florez". The wages received by Flores were often two (2) to four (4) hours short each week. When Flores complained about this, he was told that this time was taken out for him taking lunch, but Flores rarely took lunch and, if he did, it would usually never take him longer than fifteen (15) minutes.

49.     Plaintiff Dukes worked for Defendants from in or around October or November 2011 until in or around August 2013 (the "Dukes Employment Period") as a helper performing packing and emptying of garbage trucks.

50.     Throughout the Dukes Employment Period, Dukes' job responsibilities included packing and emptying garbage trucks. Dukes did not exercise any discretion or judgment with respect to planning or building a balanced garbage load or in placing, distributing, or securing the load in such a manner that the safe operation of the vehicles on the highways in interstate commerce will not be jeopardized.

51.     Throughout the Dukes Employment Period, Dukes typically worked forty-five (45) to fifty (50) hours per week. Despite the fact that he typically worked more than forty (40) hours in a given week, Dukes never received overtime premiums for hours worked beyond forty (40) per week.

52.     Throughout the Dukes Employment period, Dukes earned a daily rate of one hundred to one hundred and ten dollars ($100-$110) per day, regardless of the number of hours worked each day or each week.

53.     The wages received by Dukes compensated him for hours worked beyond forty (40) in one week for which Dukes was intended to be paid at his "straight time" rate, despite the fact that he was entitled to compensation at time and one-half his regular rate for all such overtime hours worked.

54.     Prior to in or around 2012, despite the fact that Plaintiffs often worked in excess of forty (40) hours per week, they were not paid overtime premium pay of time and one-half their regular hourly rate for all hours worked beyond forty (40). Defendants' failure to pay Plaintiffs overtime premiums was a corporate policy of Defendants that applied to all of Defendants' laborers, foremen and helpers.

55.     Plaintiffs, the Collective Action Members and the Class Members worked significant hours on prevailing wage governmental demolition projects for which they did not receive prevailing wage pay.

56.     Plaintiffs, the Collective Action Members and the Class Members performed work on numerous governmental buildings such as 123 Williams Avenue in Manhattan and the Police Academy at Chapel Street in Brooklyn, yet Defendants refused to pay the required prevailing wages.

57.     While Plaintiffs were employed by Five Star Carting, LLC, Plaintiffs received paystubs which incorrectly indicated  that WorkForce Cleaning Services, LLC was their employer.

58.     These wage statements failed to indicate the correct employer's name, the dates covered by the payment, the basis of the payment (hourly, salary, etc.), hours worked (regular and overtime), or allowances or credits taken.

59.     Upon information and belief, it was a corporate policy of Defendants to provide wage statements indicating that WorkForce Cleaning Services, LLC was the employer of Plaintiffs and the Class Members.

60.     Plaintiffs never received written notice of their rates of pay and regular payday including their rate or rates of pay, overtime rate of pay, basis of wage payment, allowances the employer intends to claim, regular payday, employer's name and any names under which the employer does business, physical address of the employer's main office or principal place of business and, if different, the employer's mailing address and the employer phone number.

61.     Upon information and belief, it was a corporate policy of Defendants not to provide written notice to Plaintiffs, the Collective Action Members and the Class Members on the date of hire and on or before February 1 of each year with the employee's rates of pay and regular payday including his or her rate or rates of pay, overtime rate of pay, basis of wage payment, allowances the employer intends to claim, regular payday, employer's name and any names under which the employer does business, physical address of the employer's main office or principal place of business and, if different, the employer's mailing address and the employer phone number.

62.     Plaintiffs, the Collective Action Members and the Class Members were all paid

pursuant to the same corporate policies of Defendants that applied to their laborers, foreman and helpers including failing to pay wages for all hours worked failing to pay overtime premiums for all hours worked over forty (40) in a given workweek, failing to pay prevailing wages, failing to provide proper wage statements and failing to provide wage notices.

63. Upon information and belief, throughout the Class Period, Defendants have employed other individuals who worked as laborers and foremen who Defendants improperly denied wages and overtime compensation. Plaintiffs, the Collective Action Members and the Class Members performed work in the normal course of Defendants' business and was integrated into Defendants' business.

64. The work performed by Plaintiffs, the Collective Action Members and the Class Members required little skill and no capital investment.

65. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid for all hours worked, were not paid time and one-half when working in excess of forty (40) hours per week, were not paid prevailing wages for work performed on public works projects, were not provided with proper wage statements and were not provided with wage notices.

66. As stated, the exact number of such similarly situated individuals is presently unknown but is believed to be well in excess of forty (40) individuals and can be ascertained through appropriate discovery.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

67. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and

reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68.     By failing to pay for all hours worked or overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

69.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70.     Defendants' failure to pay wages for all hours worked and overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

71.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay wages for all hours worked and overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

73.     Defendants' failure to pay wages for all hours worked and overtime premium

compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

74.     Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75.     Defendants entered into public works construction contracts with or on behalf of non-federal public entities.

76.     As a result, Defendants were obligated to pay prevailing wages, including daily overtime and supplementary benefits to the employees who provided the services for these contracts.

77.     Plaintiffs and and the Class Members were assigned to work on these non-federal public works contracts.

78.     Defendants failed to pay the prevailing wage, including the appropriate premiums specified in the regulations.

79.     Defendants' failure to pay the prevailing wage constituted a material breach of their public works contracts.

80.     Plaintiffs and the Class Members were third party beneficiaries of the prevailing wage requirements of these non-federal public contracts.

81.     As a result, Plaintiffs and the Class Members have been damaged, and are entitled to recover from Defendants their unpaid compensation, interest, reasonable attorneys' fees, and

costs and disbursements of the action.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Pled in the Alternative)**

82.     Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83.     Defendants entered into public works contracts with certain non-federal public entities.

84.     As a result, Defendants were obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these non-federal contracts, as well as overtime bonuses for hours beyond forty (40) hours or outside their regular work hours.

85.     Upon information and belief, Defendants obtained payments pursuant to these non-federal public works contracts that were made in order to compensate Defendants for paying Plaintiffs and the Class Members the appropriate prevailing wages.

86.     Defendants failed to properly pay the full required compensation under the non-federal public works contracts.

87.     As a result, Defendants have been unjustly enriched at the expense of Plaintiffs and the Class Members, who are entitled to recover from Defendants their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

**FIFTH CLAIM FOR RELIEF**
**QUANTUM MERUIT**
**(Pled in the Alternative)**

88.     Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

89.     Plaintiffs and the Class Members provided valuable labor to Defendants on

certain non-federal public works contracts and Defendants have failed to fully compensate them for their labor.

90.     As a result, Plaintiffs and the Class Members have been damaged, and are entitled to recover from Defendants their unpaid compensation, interest, reasonable attorneys' fees and costs and disbursements of the action arising out of their work on the non-federal public works projects.

**SIXTH CAUSE OF ACTION**
**<ins>NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS</ins>**

91.     Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

93.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per

employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS**

94.     Plaintiffs, on behalf of themselves and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

95.     Defendants have willfully failed to supply Plaintiffs and the Class Members a proper wage statement as required by Article 6, § 195(3).  Specifically, Plaintiffs and the Class Members were provided with statements from Workforce Cleaning Services, LLC rather than Five Star Carting, their employer.

96.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

    a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b)

and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.    An order tolling the statute of limitations;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of compensatory damages as a result of the Defendants' willful failure to pay wages for all hours worked and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.    An award of damages for the non-payment of prevailing wage pay for work performed on public works projects;

i.    An award of one hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1)-d;

j.    An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1)-b.

k.    An award of prejudgment and post-judgment interest;

l.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.    Such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        June 20, 2014

PELTON & ASSOCIATES PC

By: _____

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
Alison G. Lobban (AL 1020)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative collective and class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest Five Star Carting, Inc. and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates, if applicable, based on their failure to pay overtime wages as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____  11/13/2013          _____
Signature            Date                        Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo, yo autorizo la presentación y tramitación de las reclamaciones en mi nombre y representación para impugnar a Five Star Carting, Inc. y sus respectivos propietarios, concesionarios, afiliados, filiales, contratistas, directores, funcionarios, basado en su fallo de horas extras, como exige la ley Estatal y/o Federal. Autorizo la presentación de este consentimiento en la acción(es) para desafiar tal conducta. Yo autorizo a ser nombrado como Demandante representativo en esta acción para tomar decisiones en nombre de todos los otros Demandantes referente al litigio, el método y la forma de llevar a cabo este litigio, el acuerdo con el abogado de los Demandantes en relación a los costos y honorarios de abogado, y todos los otros asuntos relacionados con esta demanda.

| | | |
|---|---|---|
| Firma | Fecha | Nombre Escrito |