# FROST & MILLER, LLP

Attorneys at Law
260 Madison Avenue, 16th Floor
New York, New York 10016
Tel: (646) 597-6277
Fax: (646) 597-6276

April 1, 2015

*VIA ECF*
Honorable Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East, R. 1223-S
Brooklyn, New York

>    Re: Flores and Dukes v. Five Star Carting, LLC, et al.
>        Docket No. 14-CV-2970 (PKC)

Dear Judge Levy:

This firm is counsel to the defendants in the above-referenced action. We are writing in response to the letter sent to the Court by Plaintiffs' counsel dated March 30, 2015 which we received on March 31, 2015.

Plaintiffs' counsel requests that the Court grant Plaintiffs' motion to file a second amended complaint since that motion was unopposed. That statement is not correct. Defendants' papers in opposition to Plaintiffs' motion to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA") establish that the current action and the action as proposed in Plaintiffs' second amended complaint is improper, as a matter of law. Specifically, as Defendants' answering papers to the motion to certify establish, the alleged violations of the FLSA and unlawful company policies were not the acts of the any of the Defendants but the acts and policies of unrelated, independent companies over which Defendants had no control.

As Plaintiffs admit in their reply papers, no matter how low the threshold is deemed to be to conditionally certify a collective action under the FLSA, Plaintiffs still has the burden to establish that the Plaintiffs are similarly situated to the other employees of the Defendants by showing that the other employees of Defendants have been subject to the same unlawful pay practices and policies of which the Plaintiffs are complaining. (Plaintiffs Reply memo. p. 8)   Here, the FLSA violations and unlawful policies of which the Plaintiffs are complaining were the policies of the Hidalgo Companies and impacted their employees. These unlawful acts and policies were not the acts of the Defendants and the employees of the Defendants were not subject to these policies.

**Frost & Miller, LLP**

Plaintiffs' reply papers fail to address or make any attempt to deny these facts, but rather rely upon the conclusory allegations made by Plaintiffs in their moving papers, despite that Defendants demonstrated such statements are inaccurate or incorrect. Notwithstanding Plaintiffs efforts to argue that their version of the facts must be taken on blind faith, Defendants have the right to contest Plaintiffs' allegations to determine whether Plaintiffs have met their threshold to establish that Plaintiffs are "similarly situated" to the other employees of Defendants in order to be granted conditional certification.

Accordingly, the Defendants' answering papers conclusively establish Plaintiffs are not similarly situated to the employees of Defendants and Plaintiffs should not be permitted to further amend their complaint to include their baseless allegations against these Defendants. For the foregoing reasons, any determination of Plaintiffs' motion for leave to file a second amended complaint should be made only after the Court determines Plaintiffs' motion to certify.

Respectfully,

Kenneth N. Miller

cc. Brent E. Pelton, Esq. (by electronic mail)