UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARCO ANTONIO FLORES, ANTONIO
SANTOS and OSCAR TUDON, Individually,
and on Behalf of All Others Similarly Situated,

                Plaintiffs,                      MEMORANDUM
                                                                    AND ORDER

   -against-
                                                                  14 CV 2970 (PKC)(RML)

FIVE STAR CARTING, LLC, FIVE STAR
CARTING, INC., WORKFORCE
CLEANING SERVICES, LLC, ANTHONY
TRISTANI and NINO TRISTANI, Jointly
and Severally,

                Defendants.
-----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Marco Antonio Flores commenced this action in May 2014, on behalf of himself and all other similarly situated employees, pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law. (See Complaint, dated May 9, 2014; Amended Complaint, dated June 20, 2014 (adding Akeam Dukes as a named plaintiff); Second Amended Complaint, dated July 7, 2015 ("Second Am. Compl.") (removing Akeam Dukes and adding Antonio Santos and Oscar Tudon as named plaintiffs).) Plaintiffs now move for an order conditionally certifying an FLSA collective action and authorizing notice to be issued to all persons similarly situated so that they may be informed of the action and given an opportunity to opt in to the action as plaintiffs. (See Motion to Conditionally Certify a Collective Action, dated Feb. 5, 2015; Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and Authorize Notice to be Issued to All Persons Similarly Situated, dated Feb. 5, 2015; Declaration

of Brent E. Pelton, Esq., dated Feb. 5, 2015 ("Pelton Decl.").) Defendants Anthony Tristani, Nino Tristani, Five Star Carting, Inc., Five Star Carting, LLC, and Workforce Cleaning Services, LLC (collectively, "defendants") oppose plaintiffs' motion. (See Memorandum of Law in Opposition to Motion to Conditionally Certify Case as a Collective Action Under the Fair Labor Standards Act, dated Mar. 20, 2015 ("Defs.' Mem."); Affidavit of Anthony Tristani, sworn to Mar. 18, 2015 ("Tristani Aff.").) For the reasons stated below, the motion is granted.[1]

## BACKGROUND AND FACTS

Plaintiffs allege that they are current and former waste removal workers, garbage collection helpers, and demolition laborers employed by a company or enterprise that they knew as "Five Star." (Second Am. Compl. ¶¶ 1, 16, 23, 35.) They contend that they were all subjected to defendants' common pay practices and policies that violated the FLSA, namely their failure to pay the prevailing wage for all hours worked and to pay overtime premiums for hours worked in excess of forty (40) per week. (Id. ¶¶ 24, 98, 108, 110.)

According to the Second Amended Complaint, the defendants were joint employers and/or a single enterprise that employed plaintiffs and the purported collective action members and were responsible for establishing and implementing the alleged payroll policies at issue in this case.[2] (Id. ¶¶ 16-17, 41.) Defendants contest this allegation and aver that "each of the Company Defendants is a distinct and separate entity . . . engaged in separate businesses with

---

[1] Because this motion concerns a non-dispositive pretrial matter, I have jurisdiction to decide it under 28 U.S.C. § 636(b)(1)(A). See Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 156 n.6 (N.D.N.Y. 2008); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005).

[2] The putative collective does not include union members who are employed by defendants. (See Minute Entry dated July 2, 2015.)

their own employees." (Defs.' Mem. at 1-2.) They further contend that plaintiffs are not and have never been employees of Five Star Inc. or Five Star LLC, and that the only defendant that employed plaintiffs during the FLSA class period was Workforce Cleaning Services, LLC ("Workforce"). (Id. at 2.) Finally, defendants argue that the FLSA policies of which plaintiffs complain were not carried out by Workforce, but by plaintiffs' prior employers, which were unrelated to any of the defendants. (Id.)

## DISCUSSION

29 U.S.C. § 216(b) provides, in pertinent part:

> [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court or competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, section 216(b) provides a private right of action to an employee to recover unpaid minimum wages and/or overtime compensation from an employer who violates the Act's provisions, and permits such an action to be brought as a collective action. Id.; see Gortat v. Capala Bros., Inc., No. 07 CV 3629, 2009 WL 3347091, at *8 (E.D.N.Y. Oct. 16, 2009). Section 216(b) "requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent." Young v. Cnty. of Nassau, No. 09 CV 3830, 2010 WL 161593, at *1 (E.D.N.Y. Jan. 13, 2010).

Courts employ a two-step process in certifying a collective action under the FLSA. In the first step of the FLSA collective action inquiry,

> the court examines pleadings and affidavits to determine whether the proposed class members are similarly situated. At the initial assessment stage, before discovery is completed, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.

Francis v. A & E Stores, Inc., No. 06 CV 1638, 2008 WL 2588851, at *1-2 (S.D.N.Y. June 26, 2008) (internal quotation marks and citations omitted); see also Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010). "Importantly, the determination that potential plaintiffs are similarly situated is merely a preliminary one." Bifulco v. Mortg. Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009); see also Barrus v. Dick's Sporting Goods, Inc., No. 05 CV 6253, 2006 WL 3373117, at *2 (W.D.N.Y. Nov. 3, 2006). Indeed, the first stage of the process, although referred to as "certification," is "merely the exercise of the discretionary power to send out notice to the potential '"opt-ins."'" Harper v. Gov't Emps. Ins. Co., 826 F. Supp. 2d 454, 457 (E.D.N.Y. 2011) (citing Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010)).

Neither the FLSA nor its implementing regulations define "similarly situated." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). In this circuit, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id.; see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978); Bifulco, 262 F.R.D. at 212. Notably, "a named plaintiff in a collective action need not demonstrate other facts—numerosity, commonality, typicality, and adequacy of representation—which are required to bring a class action" under FED. R. CIV. P. 23. Sexton v.

Franklin First Fin'l, Ltd., No. 08 CV 4950, 2009 WL 1706535, at *4 (E.D.N.Y. June 16, 2009).

The second step of the inquiry generally occurs after the completion of discovery; "at that point, the court makes a factual finding based on the developed record as to whether or not the class members are actually similarly situated." Bifulco, 262 F.R.D. at 212. At the second stage, courts consider: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." Jason v. Falcon Data Com, Inc., No. 09 CV 3990, 2011 WL 2837488, at *4 (E.D.N.Y. July 18, 2011) (internal quotations and citation omitted). If discovery reveals that the plaintiffs are not similarly situated, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Rubery v. Buth–Na–Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008) (internal quotation marks and citation omitted).

At this initial preliminary certification stage, however, plaintiffs' burden "is minimal, and generally courts in this circuit require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Sobczak v. AWL Indus., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (internal quotation marks and citations omitted); see also Myers v. Hertz Corp., 624 F.3d at 555 (explaining that at the conditional certification stage only a "low standard of proof" is required "because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist"); Gayle v. Harry's Nurses Registry, Inc., No. 07 CV 4672, 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009) ("This first review is merely a preliminary finding, and does not require a

determination that the persons being notified are, in fact, similarly situated to the plaintiff. After discovery, the Court reviews the collective action certification more rigorously, at which point it may decertify the collective action if it determines that the plaintiffs are not similarly situated.") (internal quotation marks and citations omitted). "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F. Supp. 2d at 362.

Here, plaintiffs have demonstrated a modest factual nexus between the named plaintiffs and the putative collective action members, which is sufficient to support a preliminary determination that they were subjected to a common policy, plan or practice that violated the law. As plaintiffs correctly note, courts frequently grant motions for conditional certification that rely exclusively on the pleadings and sworn affidavits of the plaintiffs. See Hernandez v. Bare Burger Dio Inc., No. 12 CV 7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (noting that "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit"); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (listing cases). In support of their motion, plaintiffs have submitted declarations from seven plaintiffs describing their work conditions, defendants' corporate policies, and plaintiffs' observations regarding defendants' interrelated operations and control. (See Declaration of Plaintiff Marco Antonio Flores, dated Nov. 13, 2014; Declaration of Plaintiff Oscar Tudon, dated Dec. 9, 2014; Declaration of Plaintiff Antonio Santos, dated Nov. 14, 2014; Declaration of Plaintiff Francisco Loreto, dated Sept. 30, 2014; Declaration of Plaintiff Javier Antemate, dated Nov. 14, 2014; Declaration of Plaintiff Miguel Angel Cardenas, dated Nov. 18, 2014; Declaration of Plaintiff Emilio Sarmiento Lopez, dated Jan. 22, 2015.)

While defendants contend that each of the corporate entities is separate and distinct, and that the policies of which plaintiffs complain were carried out by another employer that is not a defendant or related to a defendant in this case, plaintiffs have demonstrated that there are issues of fact regarding those contentions. These issues of fact should be determined following discovery, at the second stage of FLSA collective action certification, rather than at this preliminary stage. See, e.g., Trawinski v. KPMG LLP, No. 11 CV 2978, 2012 WL 6758059, at *5 (S.D.N.Y. Dec. 21, 2012) ("At this stage of the litigation, a fact-intensive inquiry is inappropriate.") (citing Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 564 (S.D.N.Y. 2012)); Tiro v. Pub. House Invs., LLC, 288 F.R.D. 272, 279 (S.D.N.Y. 2012) ("Whether or not Defendants operated as a single enterprise is a complicated and fact-specific inquiry that is not properly determined at the class certification stage. The same is true of the alleged management structure at each restaurant. These issues must be litigated further, and cannot be decided at this time."). See also Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 262 (S.D.N.Y. 1997) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here.").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification of a collective action is granted. The court approves plaintiffs' proposed Notice of Lawsuit with Opportunity to Join (Pelton Decl., Ex. I), Consent to Become a Party Plaintiff form in English and Spanish, (id., Ex. J), and Deadline Reminder Letter in English and Spanish (id., Ex. K), to which defendants have not objected.

SO ORDERED.

Dated: Brooklyn, New York
October 30, 2015

/s/
ROBERT M. LEVY
United States Magistrate Judge