UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARCO ANTONIO FLORES, ANTONIO
SANTOS and OSCAR TUDON,
Individually and On Behalf of All Others
Similarly Situated,                                    MEMORANDUM
                                                       AND ORDER
              Plaintiff,             14 CV 2970 (AMD) (RML)

    -against-

FIVE STAR CARTING, LLC, FIVE STAR
CARTING, INC., WORKFORCE
CLEANING SERVICES, LLC, ANTHONY
TRISTANI and NINO TRISTANI, Jointly
And Severally,
              Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

       This motion is before me on consent of the parties.[1] (Consent to Magistrate Judge Disposition on Motion, filed Dec. 11, 2015.) Defendants Five Star Carting, Inc. ("Five Star Inc."), Five Star Carting, LLC ("Five Star LLC"), Workforce Cleaning Services, LLC ("Workforce"), Anthony Tristani, and Nino Tristani (collectively, "defendants") move, pursuant to Rules 12(b)(7) and 19(a) of the Federal Rules of Civil Procedure, to dismiss plaintiffs' Second Amended Complaint for failure to join PAH Services Inc., TAH Cleaning Services Inc., and Paul Hidalgo (collectively, the "Hidalgo Parties") as necessary parties. (See Defendants' Memorandum of Law, filed Dec. 15, 2015 ("Defs.' Mem."), at 1.) Alternatively, defendants request that the court compel joinder of the Hidalgo Parties as additional defendants. (Id. at 2.) Plaintiffs Marco Antonio Flores,

---

[1] On November 5, 2015, the Honorable Pamela K. Chen, United States District Judge, referred defendants' anticipated motion to me for a Report and Recommendation. (Order, dated Nov. 5, 2015.) This case was then reassigned to the Honorable Ann M. Donnelly, United States District Judge. Thereafter, the parties consented to my jurisdiction to decide the instant motion. (Consent to Magistrate Judge Disposition on Motion, filed Dec. 11, 2015.)
.

Antonio Santos, and Oscar Tudon (collectively, "plaintiffs") oppose defendants' motion. (See Plaintiffs' Memorandum of Law, dated Jan. 15, 2015 ("Pls.' Mem.").) For the reasons stated below, defendants' motion is denied.

**BACKGROUND AND FACTS**

Plaintiff Marco Antonio Flores brought this action on May 9, 2014, on behalf of himself and all other similarly situated employees, pursuant to, inter alia, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law. (See Complaint, dated May 9, 2014; Amended Complaint, dated June 20, 2014 (adding Akeam Dukes as a named plaintiff); Second Amended Complaint, dated July 7, 2015 ("Second Am. Compl.") (removing Akeam Dukes and adding Antonio Santos and Oscar Tudon as named plaintiffs).) According to the Second Amended Complaint, at all relevant times, defendants "have been in the carting, waste removal and demolition business." (Second Am. Compl. ¶ 35.) Plaintiffs allege that they were employed by defendants as demolition laborers, waste removal workers, and garbage collection helpers during respective employment periods that began as early as 2007 and ended in 2013. (Id. ¶¶ 1, 48, 66, 81.) Plaintiffs' claims include unpaid overtime wages, unpaid prevailing wages, and failure to provide wage notices and proper wage statements. (Id. ¶ 1.) This action has been conditionally certified as a collective action. (See Memorandum and Order, dated Oct. 30, 2015.)

Some of plaintiffs' allegations concern discrete periods of time. Prior to "in or around 2012," plaintiffs allege that they did not receive time-and-a-half overtime compensation to which they were entitled. (Id. ¶ 96.) During this portion of their employment, plaintiffs allege that they were paid in cash and did not receive wage statements. (Id. ¶ 99.) "Beginning in or around 2012," however, plaintiffs allege that they began to be paid by checks issued by defendant

Workforce. (Id. ¶ 100.) From that time forward, plaintiffs allege that they received "some" additional compensation for hours worked in excess of forty hours per week.[2] (Id. ¶ 101.)

In their motion, defendants contend that the shift in the manner and rate of plaintiffs' compensation occurred in November 2012. (See Defs.' Mem. at 8-9.) Defendants assert that "the FLSA violations alleged to have occurred during the period from May 9, 2011 to November 2012 could not have been committed by [defendants Five Star Inc., Five Star LLC, or Workforce]."[3] (Id. at 3.) Rather, defendants assert that PAH Services Inc. and TAH Cleaning Services Inc. (collectively, the "Hidalgo Companies"), entities created by Paul Hidalgo, "were the actual and sole employers of Plaintiffs during the period [] from May 9, 2011 to November 2012." (Id. at 5; see Declaration of Paul Hidalgo, dated Nov. 18, 2015, but see, e.g., Reply Affidavit of Anthony Tristani, sworn to Feb. 5, 2016.) From November 2012 forward, defendants contend that plaintiffs were employees of defendant Workforce, but that "the unlawful corporate policies which Plaintiffs claim violated the FLSA" ceased. (Id. at 9.)

Although discovery has not closed, defendants have extensively briefed the issue of the "economic reality" of the relationship between plaintiffs and the Hidalgo Parties during the time period from May 9, 2011 to November 2012, as well as the alleged absence of an employment

---

[2] I note that plaintiffs also allege continuous wage and hour violations throughout their respective employment periods. Plaintiffs allege that defendants automatically and erroneously deducted a thirty minute or one hour break from the hours they worked each day throughout their respective employment periods. (Second Am. Compl. ¶¶ 97, 100.) Plaintiffs also allege that defendants "never" provided written wage notices. (Id. ¶ 102.)

[3] May 9, 2011 corresponds to the three-year statute of limitations for willful violations of the FLSA. See 29 U.S.C. § 255(a).

relationship between plaintiffs and defendants during this time period.[4] (See, e.g., Defs.' Mem. at 12-15; see also Exs. annexed to Defs.' Mot.) Because this issue is not before the court at this time, I will not describe defendants' contentions in detail. In short, defendants assert that, during the period from May 9, 2011 to November 2012, defendant Five Star LLC subcontracted with the Hidalgo Companies for demolition laborers and that plaintiffs were among those workers. (Defs.' Mem at 5-6.) Defendants further contend that the Hidalgo Companies were "separate and independent" from defendants Five Star Inc., Five Star LLC, and Workforce. (Id. at 5.) In response, plaintiffs contend that "the Hidalgo Companies were controlled by [defendants Five Star Inc., Five Star LLC, and Workforce] as a shell," and that Paul Hidalgo was an employee of defendants. (Pls.' Mem. at 3-5.) The parties agree that resolution of these disputed factual issues is premature. (See id. at 1; Reply Memorandum of Law, filed Feb. 8, 2016 ("Reply"), at 5.)

## DISCUSSION

"Rule 19 provides for compulsory joinder of parties who are needed for just adjudication of a dispute." Rahman v. Shiv Darshan, Inc., No. 12 CV 3457, 2013 WL 654189, at *5 (E.D.N.Y. Feb. 22, 2013) (citation and internal quotation marks omitted). "The burden of demonstrating that a party is necessary rests with the moving party." Id. (citation and internal quotation marks omitted); see 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1359 (3d ed. 2015). "The Second Circuit has set forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." Musa v. SuperShuttle Int'l, Inc., No. 12 CV 2418, 2013 WL 5507143, at *2 (E.D.N.Y. Feb. 30, 2013) (citations and internal quotation marks omitted); see also Rahman, 2013 WL

---

[4] Defendants do not challenge the sufficiency of the allegations in plaintiffs' Second Amended Complaint. (Reply Memorandum of Law, filed Feb. 8, 2016, at 5.)

4

654189, at *5; Cont'l Kraft Corp. v. Euro-Asia Dev. Grp., No. 97 CV 619, 1997 WL 642350, at *6 (E.D.N.Y. Sept. 8, 1997). First, "the court must determine whether a party is necessary under Rule 19(a)."[5] Musa, 2013 WL 5507143, at *2 (citation and internal quotation marks omitted). Second, "if a necessary party cannot be joined, the court then must determine whether the party's absence warrants dismissal pursuant to Rule 19(b) because the party is also indispensable." Id. (citation and internal quotation marks omitted). District courts have broad discretion in applying Rule 19 and may consider matters outside the pleadings. Cont'l Kraft, 1997 WL 642350, at *6; see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1359 (3d ed. 2015).

        Defendants argue that because "there are competing claims [] as to which entities were Plaintiffs' employers" during the period from May 9, 2011 to November 2012, "it is critical to the determination of Plaintiffs' FLSA claims that the Hidalgo Parties be before the Court." (Defs.' Mem. at 16.) In this respect, defendants contend that "the absence of the Hidalgo Parties precludes a fair and unbiased trial and complete relief being granted to both Plaintiffs and Defendants." (Id.) This line of argument is unpersuasive. It is well established that "an individual may simultaneously have multiple employers for the purposes of the FLSA, in which case, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA." Teri v. Spinelli, 980 F. Supp. 2d 366, 373 (E.D.N.Y. 2013) (citation and internal marks removed); see 29 C.F.R. § 791.2. While defendants may find it advantageous to

---

[5] Rule 19(a) provides, in pertinent part: "A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

have damages apportioned among additional co-defendants in this action, I see no reason why complete relief cannot be granted in the absence of the Hidalgo Parties. See Sec'y of Labor v. Crown Cent. Petroleum Corp., 90 F.R.D. 99, 101 (E.D.N.Y. 1981) (finding that complete relief under Rule 19(a) could be afforded to both parties because "[i]f defendant is an employer subject to the [FLSA] and it has not complied, it may be found liable," and "[i]f defendant is not an employer it will not be found liable."). Similarly, the presence of the Hidalgo Parties is not required in order for defendants to disclaim liability entirely. See Trantham v. Am. Cable & Tel., Inc., No. 09 CV 1147, 2009 WL 3299816, at *1 (M.D. Fla. Oct. 13, 2009) ("[W]hether Defendant's relationship with [an alleged subcontractor] precludes liability under [the] FLSA does not hav[e] any bearing on [the subcontractor's] status as an indispensable or required party.")

    Defendants further argue that "[t]he absence of the Hidalgo Parties [] results in a substantial risk of inconsistent obligations" because, should defendants be found liable, they "will be forced to bring an action [for contribution or indemnification] against the Hidalgo Parties in [] State Court." (Defs.' Mem. at 17.) Such an action, defendants contend, may lead to "incongruous results" and "would be a totally inefficient use of judicial resources." (Id. at 18.) Defendants do not explain how a separate action for contribution or indemnification could lead to inconsistent obligations. The issue in this action is defendants' liability to plaintiffs for alleged wage and hour violations, not whether non-parties may also be liable. Indeed, "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Rahman, 2013 WL 654189, at *5 (citation and internal marks omitted); see also Iraheta v. Lam Yuen, LLC, No. 12 CV 1426, 2012 WL 5995689, at *5 (D. Md. Nov. 29, 2012) (Because Rule 19 does not require the joinder of joint tortfeasors "courts generally hold that where a plaintiff states an FLSA claim against a defendant who is alleged to be his employer, an unnamed co-employer is not a

6

necessary party who should be joined under Rule 19(a).") (citations omitted). Thus, this argument is unpersuasive.

Finally, in reply, defendants focus on plaintiffs' tertiary cause of action for breach of contract. Defendants contend that "[t]here is no dispute that the operative contracts during [the period from May 9, 2011 to November 2012] are the employment contracts between each employee and the Hidalgo Companies." (Reply at 6.) In this respect, defendants argue that the Hidalgo Parties are necessary parties under Rule 19(a) because "a party to a contract that is the subject of the litigation is considered a necessary party." (Id.) Yet, this argument inaccurately describes plaintiffs' breach of contract claim, which does not concern their purported employment contracts. (See Second Am. Compl. ¶¶ 114-121.) Plaintiffs allege that defendants "entered into public works construction contracts with or on behalf of public entities," and that plaintiffs "were the third party beneficiaries of the prevailing wage requirements of these public contracts." (Id. ¶¶ 114, 120.) Assuming the truth of these allegations, I find no persuasive reason to compel joinder of the Hidalgo Parties. See 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1613 (3d ed. 2015) ("In cases in which the [third-party] beneficiary is a party, [] courts uniformly reject the argument that all of the original parties to the contract must be joined.")

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiffs' Second Amended Complaint for failure to join the Hidalgo Parties as necessary parties is denied. Defendants' alternative request to compel joinder of the Hidalgo Parties as additional defendants is also denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 24, 2016

/s/
ROBERT M. LEVY
United States Magistrate Judge