UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MARCO ANTONIO FLORES, ANTONIO
SANTOS and, OSCAR TUDON, Individually
and on behalf of All Others Similarly Situated,

14 Civ. 2970 (AMD) (RML)

                        Plaintiffs,

ANSWER TO SECOND
AMENDED CLASS AND
COLLECTIVE ACTION
COMPLAINT

    -against-

FIVE STAR CARTING, LLC, FIVE STAR
CARTING, INC., WORKFORCE CLEANING
SERVICES, LLC, ANTHONY TRISTANI,
Jointly and Severally,

Defendants' Demand
a Trial by Jury

                   Defendants.
-----------------------------------------------------------------x

Defendants, Five Star Carting, LLC ("Five Star LLC"), Five Star Carting, Inc.

("Five Star Inc."), Workforce Cleaning Services, LLC ("Workforce") (hereinafter Five

Star LLC, Five Star Inc. and Workforce are collectively referred to as the "Company

Defendants") Anthony Tristani ("Anthony") and Nino Tristani ("Nino") (Anthony and

Nino Tristani are hereinafter collectively referred to as the "Individual Defendants"), by

their attorneys, Frost & Miller, LLP, as and for their answer to the Plaintiffs' Second

Amended Class and Collective Action Complaint herein state as follows:

1.      Deny the allegations set forth in paragraph 1 of the Second Amended

Complaint except admit that Plaintiffs Marco Antonio Flores ("Flores"), Oscar Tudon

("Tudon") and Antonio Santos ("Santos") were formerly employed by certain of the

Company Defendants as demolition laborers and further admit that Plaintiffs purport to

bring this action to recover alleged unpaid overtime wages owed pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et. seq. and the New York Labor Law

("NYLL"), §§ 650 et. seq.; recover alleged unpaid prevailing wages; damages for Defendants' alleged failure to provide wage notices and wage statements pursuant to Article 6 of the NYLL §§ 190 et seq., but deny that Defendants violated these statutes or that they have any liability to Plaintiffs thereunder.

2.      With respect to paragraph 2 of the Second Amended Complaint, admit that Plaintiffs purport to bring this action pursuant to the FLSA on behalf of themselves and all other similarly situated demolition and labor employees, foreman and helpers employed by Defendants and their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny these allegations and specifically deny the existence of any collective class or state class.

3.      With respect to paragraph 3 of the Second Amended Complaint, admit that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1131, 1337, 1343 and 29 U.S.C. § 216(b) and aver that whether this Court has jurisdiction is a legal determination which must be made by the Court.

4.      With respect to paragraph 4 of the Second Amended Complaint, admit that Plaintiff purports to claim that venue is appropriate in this Court, but deny that Defendants committed any acts in the Eastern District of New York that constituted violations of the FLSA and NYLL.

5.      With respect to the first numbered paragraph 5 of the Second Amended Complaint admit that Plaintiffs claim that this Court has the power to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, but deny that such declaratory judgment is warranted in this matter.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in second numbered paragraph 5 of the Second Amended Complaint.

7.      Deny the allegations set forth in paragraph 6 of the Second Amended Complaint except admit that Flores performed work while employed by Workforce in various areas of New York City.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Second Amended Complaint.

9.      Deny the allegations set forth in paragraph 8 of the Second Amended Complaint except admit Santos performed work for Workforce in various areas of New York City.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Second Amended Complaint.

11.     Deny the allegations set forth in paragraph 10 of the Second Amended Complaint except admit Tudon performed work while employed by certain of the Company Defendants in various areas of New York City.

12.     Deny the allegations set forth in paragraph 11 of the Second Amended Complaint except admit that Plaintiffs performed work while employed by Workforce on private projects.

13.     With respect to paragraph 12 of the Second Amended Complaint, respectfully refer the Court to the written consent forms their terms and interpretation thereof.

14. Deny the allegations set forth in paragraph 13 of the Second Amended Complaint except admit Defendant Five Star Carting, LLC ("Five Star LLC") is actively engaged in business.

15. Admit the allegations of paragraph 14 of the Second Amended Complaint.

16. Deny the allegations set forth in paragraph 15 of the Second Amended Complaint except admit that Workforce had its headquarters at 105-115 Thames Street, Brooklyn, New York 11237.

17 Deny the allegations set forth in paragraph 16 of the Second Amended Complaint.

18. Deny the allegations set forth in paragraph 17 of the Second Amended Complaint except admit that the Individual Defendants were officers and directors of the Company Defendants and further aver that the legal conclusions stated in paragraph 17 of the Second Amended Complaint are to be determined by the Court.

19. Deny the allegations of paragraph 18 of the Second Amended Complaint except admit that they acted in a supervisory capacity with respect to the operations of the Company Defendants which were managed on a day to day basis by employees of the Company Defendants.

20. Deny the allegations set forth in paragraph 19 of the Second Amended Complaint except deny knowledge and information and belief as to what Plaintiffs claim they saw.

21. With respect to paragraph 20 of the Second Amended Complaint, the allegations therein state a conclusion of law and therefore no response is required since all such legal determinations are to be made by the Court.

22.     Admit the allegations set forth in paragraph 21 of the Second Amended Complaint.

23.     Deny the allegations set forth in paragraph 22 of the Second Amended Complaint except admit that during the Collective Period, as that term is defined in the Second Amended Complaint, Defendant Workforce employed Flores, Santos and Tudon for certain periods of time and further aver that the other allegations of that paragraph state a conclusion of law and therefore no response is required since all such legal determinations are to be made by the Court.

24.     With respect to paragraph 23 of the Second Amended Complaint, admit Plaintiffs purport to assert their first cause of action of the Second Amended Complaint as a collective action under the FLSA but deny that this action meets the requirements of such a collective action and further aver that the allegations of this paragraph set forth a legal conclusion and that all such legal determinations are to be made by the Court and further deny this action can be maintained as a collective action.

25.     Deny the allegations set forth in paragraph 24 of the Second Amended Complaint.

26.     Deny the allegations set forth in paragraph 25 of the Second Amended Complaint.

27.     With respect to paragraph 26 of the Second Amended Complaint, admit Plaintiffs purport to bring the second through the seventh causes of action of the Second Amended Complaint as a class action under the NYLL and Rule 23 of the Federal Rules of Civil Procedure, but deny that this action meets the requirements of such a class action and further aver that the allegations of this paragraph set forth a legal conclusion and that

all such legal determinations are to be made by the Court; and, that this Court does not have jurisdiction over these causes of action.

28.     Deny the allegations set forth in paragraph 27 of the Second Amended Complaint.

29.     Deny the allegations set forth in paragraph 28 of the Second Amended Complaint.

30.     Deny the allegations set forth in paragraph 29 of the Second Amended Complaint.

31.     Deny the allegations set forth in paragraph 30 of the Second Amended Complaint.

32.     Deny the allegations set forth in paragraph 31 of the Second Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations therein as to the qualifications of Plaintiff's counsel to represent the purported class.

33.     Deny the allegations set forth in paragraph 32 of the Second Amended Complaint and each subparagraph thereof and further aver that this paragraph including each subparagraph thereof sets forth conclusions of law and that all such legal determinations are to be made by the Court.

34.     Deny the allegations of paragraph 33 of the Second Amended Complaint and deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33 of the Second Amended Complaint regarding the Plaintiffs financial resources.

35.     Deny the allegations of paragraph 34 of the Second Amended Complaint and deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34 of the Second Amended Complaint as to the interest or capacity of the Plaintiffs or their knowledge of other litigations.

36.     Deny the allegations set forth in paragraph 35 of the Second Amended Complaint except admit that Defendant Five Star Inc. is engaged in the carting and waste removal business, Defendant Five Star LLC is engaged in the demolition business and Workforce provided laborers for demolition and that Defendants Five Star Inc. and Five Star LLC maintain their place of business at 58-34 47th Street, Maspeth, New York 11378.

37.     Deny the allegations set forth in paragraph 36 of the Second Amended Complaint except admit that at one time the website referred to therein was maintained by Defendant Five Star, Inc. and included the statements alleged therein but aver that the subject website was not updated for some time and is no longer accessible.

38.     Deny the allegations set forth in paragraph 37 of the Second Amended Complaint except admit that at one time the website referred to therein was maintained by Defendant Five Star, Inc. and included the statements alleged therein but aver that the subject website was not updated for some time and is no longer accessible

39.     Deny the allegations set forth in paragraph 38 of the Second Amended Complaint.

40.     Deny the allegations set forth in paragraph 39 of the Second Amended Complaint except admit that during the period Plaintiffs were employed by Workforce they were paid, as all other employees of Workforce are paid, by check.

41.     Deny the allegations set forth in paragraph 40 of the Second Amended Complaint and further aver that employees of the Company Defendants are properly and lawfully compensated for their work.

42.     Deny the allegations set forth in paragraph 41 of the Second Amended Complaint.

43.     Deny the allegations set forth in paragraph 42 of the Second Amended Complaint except admit the Individual Defendants were frequently present at the offices of Defendant Five Star Inc. and that they acted in a supervisory capacity with respect to the operations of the Company Defendants which were managed on a day to day basis by employees of the Company Defendants.

44.     Deny the allegations set forth in paragraph 43 of the Second Amended Complaint except admit the Individual Defendants acted in a supervisory capacity with respect to the operations of the Company Defendants which were managed on a day to day basis by employees of the Company Defendants.

45.     Deny the allegations set forth in paragraph 44 of the Second Amended Complaint except admit Defendant Anthony Tristani is a shareholder and member of the Company Defendants and is the CEO of Defendant Five Star Inc.

46.     Deny the allegations set forth in paragraph 45 of the Second Amended Complaint except admit that Defendant Anthony Tristani maintains an office at Five Star Inc. and that visits to the demolition site were almost exclusively performed by a supervisor/employee of Defendant Workforce.

47.     Deny the allegations set forth in paragraph 46 of the Second Amended
Complaint except admit that Defendant Nino Tristani maintains an office at Defendant
Five Star Inc. and is a shareholder and member of the Company Defendants.

48.     Deny the allegations set forth in paragraph 47 of the Second Amended
Complaint except admit that the Company Defendants in the aggregate employ at least 40
employees.

49.     Deny the allegations set forth in paragraph 48 of the Second Amended
Complaint except admit that during the period from May 9, 2011 to the present (the
"FLSA Class Period") Flores was employed by Workforce from November 12, 2012 to
October 24, 2013 and during that period his job responsibilities included demolition of
offices, floors and removing fixtures, walls, ceilings and floors.

50.     Deny the allegations set forth in paragraph 49 of the Second Amended
Complaint except admit during the period Flores worked for Workforce his job
responsibilities included placing demolition waste materials in container units, demolition
of offices, floors and removing fixtures, walls, ceilings and floors.

51.     Deny the allegations set forth in paragraph 50 of the Second Amended
Complaint.

52.     Deny the allegations set forth in paragraph 51 of the Second Amended
Complaint except that during the period Flores was employed by Workforce he did report
to Victor Mosquera, a supervisor who worked for Workforce, as well as certain other
supervisors and foreman employed by Workforce, including Oscar Moreno.

53.     Deny the allegations set forth in paragraph 52 of the Second Amended
Complaint except admit that the containers into which Flores may have loaded

demolition waste material were branded with the Five Star name and further deny knowledge or information sufficient to form a belief as to what Flores believed as who he was employed by or what he observed at the work site, but aver that he had to know or should have known that except for the period he was employed by Workforce he was never employed by any of the other Company Defendants.

54.    Deny the allegations set forth in paragraph 53 of the Second Amended Complaint except admit that during the period Flores was employed by Workforce he may have worked on jobs operated by Sweeney Conroy where Workfofce was acting as a subcontractor and at which jobs Five Star trucks and containers may have been used to haul away demolition waste, and deny knowledge or information to form a belief as to the truth of the allegations as to what workers on those jobs said to Flores.

55.    Deny the allegations set forth in paragraph 54 of the Second Amended Complaint.

56.    Admit the allegations set forth in paragraph 55 of the Second Amended Complaint for the period during which Flores was employed by Workforce.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Second Amended Complaint except admit during the period he was employed by Workforce Flores at times worked in excess of 40 hours per week for which work he was properly and lawfully compensated.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Second Amended Complaint except admit that during the period Flores was employed by Workforce his regular hourly pay

was $15.00 per hour from November 11, 2012 through May 25, 2013 and $16.00 per hour from the period May 28, 2013 through October 24, 2013.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Second Amended Complaint for the period of time prior to the time Flores was employed by Workforce and deny the allegations set forth in paragraph 58 of the Second Amended Complaint for the period of time Flores was employed by Workforce.

60.     Deny the allegations set forth in paragraph 59 of the Second Amended Complaint except admit during the period Flores was employed by Workforce he was properly and lawfully paid receiving two checks for his wages in the name of Marco Florez, the name he provided to Workforce, one for his regular hours and the other for his overtime hours at the rate of time and-one half.

61.     Deny the allegations set forth in paragraph 60 of the Second Amended Complaint.

62.     Deny the allegations set forth in paragraph 61 of the Second Amended Complaint except admit during the period of time Flores was employed by Workforce he was issued a check cashing card from Signature Bank which identified him as an employee of Workforce.

63.     Deny the allegations set forth in paragraph 62 of the Second Amended Complaint except admit during the period he was employed by Workforce his hours were kept by his foreman including requiring Flores to sign his name on the time sheets when he arrived in the morning.

64.     Deny the allegations set forth in paragraph 63 of the Second Amended Complaint and further aver that any amounts deducted from Flores wages during the period he was employed by Workforce were proper.

65.     Deny the allegations set forth in paragraph 64 of the Second Amended Complaint.

66.     Deny the allegations set forth in paragraph 65 of the Second Amended Complaint.

67.     Deny the allegations set forth in paragraph 66 of the Second Amended Complaint except admit that during the period from May 8, 2008 to the present (the "NYLL Class Period") Tudon performed services as a demolition laborer for Five Star Inc. from the beginning of the NYLL Class Period through September 19, 2008 and during the FLSA Class Period Tudon was employed by Workforce from November 26, 2012 to May 28, 2013.

68.     Deny the allegations set forth in paragraph 67 of the Second Amended Complaint except admit that his job responsibilities as a demolition laborer included demolition of offices, floors and removing fixtures, walls, ceilings and floors.

69.     Deny the allegations set forth in paragraph 68 of the Second Amended Complaint except that during the period Tudon was employed by Workforce he did report to supervisors who were also employed by Workforce. One of those supervisors was Oscar Moreno.

70.     Deny the allegations set forth in paragraph 69 of the Second Amended Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Tudon claims to have observed.

71.     Deny the allegations set forth in paragraph 70 of the Second Amended Complaint except admit during the period of time Tudon was employed by Workforce he may have worked on job sites operated by other companies, including Crossland and Sweeney Conroy which subcontracted with Five Star LLC, which in turn subcontracted with Workforce to provide the labor for such jobs; that he would have worked with co-workers and supervisors employed by Workforce; and, that Five Star containers and trucks would have been used to haul away the demolition waste.

72.     Deny the allegations set forth in paragraph 71 of the Second Amended Complaint except admit during the period he was employed by Workforce Tudon at times worked in excess of 40 hours per week for which work he was properly and lawfully compensated.

73.     Deny the allegations set forth in paragraph 72 of the Second Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Second Amended Complaint for the period of time prior to the time Tudon was employed by Workforce.

75.     Deny the allegations set forth in paragraph 74 of the Second Amended Complaint except admit during the period Tudon was employed by Workforce he was properly and lawfully paid receiving two checks for his wages, one for his regular hours and the other for his overtime hours at the rate of time and-one half and he was issued a check cashing card from Signature Bank which identified him as an employee of Workforce.

13

76.     Deny the allegations set forth in paragraph 75 of the Second Amended Complaint and further aver that any amounts deducted from Tudon wages were proper.

77.     Deny the allegations set forth in paragraph 76 of the Second Amended Complaint

78.     Admit the allegations set forth in paragraph 77 of the Second Amended Complaint as to the period of time Tudon was employed by Workforce and aver that Tudon was required to sign the time sheet when he arrived for work.

79.     Deny the allegations set forth in paragraph 78 of the Second Amended Complaint.

80.     Deny the allegations set forth in paragraph 79 of the Second Amended Complaint.

81.     Deny the allegations set forth in paragraph 80 of the Second Amended Complaint.

82.     Deny the allegations set forth in paragraph 81 of the Second Amended Complaint except admit that during the FLSA Class Period Santos was employed by Workforce as a demolition worker from January 17, 2013 to February 19, 2013.

83.     Deny the allegations set forth in paragraph 82 of the Second Amended Complaint except admit during the period Santos worked for Workforce his job responsibilities included demolition of offices, floors and removing fixtures, walls, ceilings and floors.

84.     Deny the allegations set forth in paragraph 83 of the Second Amended Complaint and further deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 83 of the Second Amended Complaint as to what Santos observed.

85.     Deny the allegations set forth in paragraph 84 of the Second Amended Complaint.

86.     Deny the allegations set forth in paragraph 85 of the Second Amended Complaint except admit during the period of time Santos was employed by Workforce he may have worked on job sites operated by other companies which subcontracted for demolition services with Five Star LLC which in turn subcontracted with Workforce to provide the labor for such jobs;  Santos would have worked with co-workers and supervisors employed by Workforce; and, deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Santos claims to have observed.

87.     Deny the allegations set forth in paragraph 86 of the Second Amended Complaint except admit during the period he was employed by Workforce Santos reported to his foreman who supervised Santos.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Second Amended Complaint except admit during the period he was employed by Workforce Santos at times worked in excess of 40 hours per week for which work he was properly and lawfully compensated.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Second Amended Complaint for the period of time prior to the time Santos was employed by Workforce and deny those allegations during the period of time Santos was employed by Workforce.

90.     Deny the allegations set forth in paragraph 89 of the Second Amended Complaint except admit during the period Santos was employed by Workforce he was properly and lawfully paid receiving two checks each week for his wages, one for his regular hours $10.00 per hour and the other for his overtime hours at the rate of time and-one half of $15.00 per hour for all regular hours and overtime hours he worked during that period.

91.     Deny the allegations set forth in paragraph 90 of the Second Amended Complaint.

92.     Deny the allegations set forth in paragraph 91 of the Second Amended Complaint except admit that during the period he was employed by Workforce Santos received a check cashing card from Signature Bank which identified him as an employee of Workforce.

93.     Deny the allegations set forth in paragraph 92 of the Second Amended Complaint except admit during the period Santos was employed by Workforce his hours were kept by his foreman including requiring Santos to sign his name on the time sheets when he arrived in the morning and the foreman would record when Santos left the job.

94.     Deny the allegations set forth in paragraph 93 of the Second Amended Complaint.

95.     Deny the allegations set forth in paragraph 94 of the Second Amended Complaint.

96.     Deny the allegations set forth in paragraph 95 of the Second Amended Complaint.

97.     Deny the allegations set forth in paragraph 96 of the Second Amended Complaint as they pertain to the Company Defendants.

98.     Deny the allegations set forth in paragraph 97 of the Second Amended Complaint.

99.     Deny the allegations set forth in paragraph 98 of the Second Amended Complaint.

100.    Deny the allegations set forth in paragraph 99 of the Second Amended Complaint as they pertain to the Company Defendants.

101.    Deny the allegations set forth in paragraph 100 of the Second Amended Complaint except that admit that during the period Plaintiffs were employed by Workforce they received pay checks which properly compensated them for all regular hours and overtime hours at the rate of time and one-half for which they were entitled to be compensated and that the paycheck stubs accompanying the checks accurately reflected the hours for which they were to be paid.

102.    Deny the allegations set forth in paragraph 101 of the Second Amended Complaint.

103.    Deny the allegations set forth in paragraph 102 of the Second Amended Complaint.

104.    Deny the allegations set forth in paragraph 103 of the Second Amended Complaint except admit that the work preformed by Plaintiffs was in the normal course of their employer's business.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Second Amended Complaint except admit that the work performed by Plaintiffs did not require capital investment.

106.    Deny the allegations set forth in paragraph 105 of the Second Amended Complaint.

107.    With respect to paragraph 106 of the Second Amended Complaint, whether other employees of the Corporate Defendants are similarly situated to Plaintiffs and the number of such employees is a legal conclusion which must be determined by the Court and therefore no response is required, but if a response was required Defendants would deny those allegations.

108.    With respect to paragraph 107 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 106 of the Second Amended Complaint as if fully set forth at length herein.

109.    Deny the allegations set forth in paragraph 108 of the Second Amended Complaint.

110.    Deny the allegations set forth in paragraph 109 of the Second Amended Complaint.

111.    Deny the allegations set forth in paragraph 110 of the Second Amended Complaint.

112.    With respect to paragraph 111 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 110 of the Second Amended Complaint as if fully set forth at length herein.

113.     Deny the allegations set forth in paragraph 112 of the Second Amended Complaint.

114.     Deny the allegations set forth in paragraph 113 of the Second Amended Complaint.

115.     With respect to paragraph 114 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 113 of the Second Amended Complaint as if fully set forth at length herein.

116.     Deny the allegations set forth in paragraph 115 of the Second Amended Complaint.

117.     Deny the allegations set forth in paragraph 116 of the Second Amended Complaint.

118.     Deny the allegations set forth in paragraph 117 of the Second Amended Complaint.

119.     Deny the allegations set forth in paragraph 118 of the Second Amended Complaint.

120.     Deny the allegations set forth in paragraph 119 of the Second Amended Complaint.

121.     Deny the allegations set forth in paragraph 120 of the Second Amended Complaint.

122.     Deny the allegations set forth in paragraph 121 of the Second Amended Complaint.

123.    With respect to paragraph 122 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 121 of the Second Amended Complaint as if fully set forth at length herein.

124.    Deny the allegations set forth in paragraph 123 of the Second Amended Complaint.

125.    Deny the allegations set forth in paragraph 124 of the Second Amended Complaint.

126.    Deny the allegations set forth in paragraph 125 of the Second Amended Complaint.

127.    Deny the allegations set forth in paragraph 126 of the Second Amended Complaint.

128.    Deny the allegations set forth in paragraph 127 of the Second Amended Complaint.

129.    With respect to paragraph 128 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 127 of the Second Amended Complaint as if fully set forth at length herein.

130.    Deny the allegations set forth in paragraph 129 of the Second Amended Complaint.

131.    Deny the allegations set forth in paragraph 130 of the Second Amended Complaint.

132.    With respect to paragraph 131 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 130 of the Second Amended Complaint as if fully set forth at length herein.

133.    Deny the allegations set forth in paragraph 132 of the Second Amended Complaint.

134.    Deny the allegations set forth in paragraph 133 of the Second Amended Complaint.

135.    With respect to paragraph 134 of the Second Amended Complaint, repeat each response and denial to paragraphs 1 through 133 of the Second Amended Complaint as if fully set forth at length herein.

136.    Deny the allegations set forth in paragraph 135 of the Second Amended Complaint.

137.    Deny the allegations set forth in paragraph 136 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint and each and every cause of action alleged therein fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint and each and every cause of action alleged therein are barred, in whole or part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint and each and every cause of action alleged therein are barred, in whole or part, because Plaintiffs consented to the conduct about which they now complain.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint and each and every cause of action alleged therein are barred, in whole or part, under the doctrine of payment, setoff, accord and satisfaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

At all times relevant herein, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any acts or omissions on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing any such act or omission was not a violation of the FLSA or NYLL.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Second Amended Complaint under the NYLL may not be maintained as Plaintiffs were paid properly pursuant to the FLSA and under any applicable regulations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Collective action certification is not appropriate here pursuant to Section 216(b) of the FLSA because, among other reasons, a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated for purposes of a collective action under Section 216(b) of the FLSA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate representatives for a collective action under Section 216(b) of the FLSA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to meet the criteria necessary to maintain a class action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure ("FRCP 23").

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' purported class claims under the NYLL asserted pursuant to FRCP 23 are barred  because the (1) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Second Amended Complaint; (2) Plaintiffs' claims do not raise questions of law and fact which are common to those of the class; (3) Plaintiffs' claims are not representative or typical of the putative class; (4) Plaintiffs do not adequately represent the interest of the class members; and (5) the members of the class are not so numerous that it would be impracticable and uneconomical to require joinder of each class member.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA and NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs and putative class members are found to be entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to justify any awards of penalties or fees.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs or the putative class members and thus cannot be held responsible or liable for punitive damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to properly state a claim for injunctive relief.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff and putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### AS AND FOR AN EIGHTTEENTH AFFIRMATIVE DEFENSE

The certification and trial of this case as a collective and/or class action would violate Defendants' rights to trial by jury under the Seventh Amendment to the United States Constitution.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

If the Court certifies this action as a collective and/or class action over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified collection and/or class.

## **AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Defendants reserve all other defenses available under the FLSA and/or NYLL.

## **AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend or add additional affirmative defenses or

counter-claims which may become known during the course of this action.

Dated: New York, New York
     April 8, 2016

               Frost & Miller, LLP

               By: _____
                      Kenneth N. Miller
               Attorneys for Defendants
               260 Madison Avenue, 16th Floor
               New York, New York 10016
               (646) 597-6274

To:
Pelton & Graham, PC
Attorneys for Plaintiffs
111 Broadway, Suite 1503
New York, New York 10006
(212) 385-9700